**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ONE HOUR AIR CONDITIONING** | § | |
| **FRANCHISING, LLC** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:07CV531 LG-JMR** |
| | § | |
| **KARL T. MOORE, d/b/a ONE HOUR** | § | |
| **COOLING & HEATING and/or** | § | |
| **ON THE HOUR COOLING & HEATING** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion to Dismiss or in the Alternative

for Summary Judgment [5] filed by the Defendant, Karl T. Moore ("Moore").  The Plaintiff has

filed a response, and Moore a reply.  After due consideration of the submissions and the relevant

law, it is the Court's opinion that there are questions of material fact for the jury in this trademark

infringement case.  The Motion should therefore be denied.

DISCUSSION

Plaintiff's Allegations:

Plaintiff, One Hour Air Conditioning Franchising, LLC ("One Hour"), alleges in its

Complaint that it is in the business of franchising heating and air conditioning service companies

under the trademark ONE HOUR.  One Hour alleges it is the exclusive owner of three registered

trademarks:

1) ONE HOUR AIR CONDITIONING & HEATING with clock design,
registered 12/18/2001;



2) ONE HOUR with clock design, registered 1/11/05;



3) ONE HOUR, registered 12/27/05.

## ONE HOUR

Def. Ex. "B," "C" and "D."

One Hour alleges that in late 2005, Moore began advertising and operating a heating and air conditioning service company under the name "One Hour Cooling & Heating."  Moore's advertisement appeared in the BellSouth Yellow Pages as depicted here:



Def. Ex. "A."

One Hour asserts that it notified Moore of its belief that this trade name infringed its trademarks, and Moore eventually changed the name of his company to "On The Hour Cooling & Heating."[1]  One Hour alleges that Moore's use of ON THE HOUR is likely to cause confusion among consumers due to its similarity to "One Hour" in appearance, sound and commercial impression.  One Hour also alleges it has been damaged by Moore's past use of "One Hour Cooling & Heating."  One Hour contends that Moore's actions constitute a willful infringement of its registered trademarks, and brings trademark infringement, false designation of origin and unfair competition claims against Moore under the Lanham Act, 15 U.S.C § 1051, *et seq*.

Legal Standard:

Moore seeks dismissal or judgment as a matter of law as to One Hour's claims.  Both parties have submitted materials in connection with the Motion that are not a part of the Complaint.  The submission of evidence extraneous to Plaintiff's Complaint "would ordinarily require the Court to convert the motion to dismiss into a motion for summary judgment."  *Horne v. Time Warner Operations, Inc.,* 119 F.Supp.2d 624, 627 n. 4 (S.D.Miss. 1999) (citing Fed. R. Civ. P. 12(b)).  Reference to the extraneous evidence is necessary; therefore this Motion will be analyzed under the summary judgment legal standard, FED. R. CIV. P. 56.

Contestability of Plaintiff's Marks:

As a preliminary matter, Moore contests One Hour's right to exclusive use of the two One Hour marks registered in 2005.  A mark becomes incontestable only after five years of the

---

[1]  No example of "On The Hour Cooling & Heating" has been submitted by the parties. However, as with Moore's use of ONE HOUR, Plaintiff's objection to ON THE HOUR appears to be based solely on the similarity of the words to its registered marks.

-3-

registration date, and then under the condition that its owner files an affidavit with the U.S.

Patent and Trademark Office attesting that the following requirements have been met: (i) there

has been no final decision adverse to its ownership or enforcement rights for the preceding five-

year period; (ii) there is no pending case or proceeding regarding the owner's rights in the mark;

and (iii) the owner is still using the mark. *See* 15 U.S.C. § 1065.  Moore asserts that the two

marks registered in 2005 have not yet passed the five year contestability period.  The Court

agrees that these marks are registered but contestable because the conditions of 15 U.S.C. § 1065

have not been satisfied.

Where a registered service mark has not achieved incontestability, its registration

constitutes *prima facie* evidence of the registrant's exclusive right to use the mark in commerce

for the services specified in the registration.  *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d

559, 567 (5th Cir. 2005); *Pebble Beach Co. v. Tour 18 I, Ltd.,* 942 F. Supp. 1513, 1529 n. 10

(S.D. Tex. 1996).  The burden of proof is shifted from the plaintiff to the defendant, who must

introduce sufficient evidence to rebut the presumption of the plaintiff's right to exclusive use

through proof that the mark is merely generic or descriptive.  *Testmasters*, 428 F.3d at 567;

*Pebble Beach*, 942 F. Supp. at 1537; *Vision Ctr. v. Opticks, Inc.*, 596 F.2d 111, 119 (5th Cir.

1979).  "Simply alleging descriptiveness is insufficient . . . ; the putative infringer must prove

descriptiveness by a preponderance of the evidence . . . ."  *Borinquen Biscuit Corp. v. M.V.*

*Trading* Corp, 443 F.3d 112, 118 (1st Cir. 2006) (citing *Keebler Co. v. Rovira Biscuit Corp*., 624

F.2d 366, 373 (1st Cir. 1980), *abrogated on other grounds by Miller Brewing Co. v. Falstaff*

*Brewing Corp.*, 655 F.2d 5, 7 (1st Cir. 1981)).  If the putative infringer does not cross that

threshold, the presumption holds and distinctiveness is presumed.  *See PIC Design Corp. v.*

*Bearings Specialty Co.*, 436 F.2d 804, 807 (1st Cir.1971).  In that event, the court can proceed to consider the remaining elements of the infringement. *See id.*

 In examining the Defendant's briefs and evidence submitted in connection with the dispositive motion at issue, the Court finds no argument or discussion of whether Plaintiff's marks are descriptive.  By failing to address this issue, Defendant has failed to meet its burden of overcoming the presumption of distinctiveness.  Therefore, the Court will proceed to analyze the elements of Plaintiff's claims.

The Lanham Act Claims:

 A cause of action for the infringement of a registered mark in violation of 15 U.S.C. § 1114 exists where a person uses (1) any reproduction, counterfeit, copy or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive.  One Hour's Complaint contains allegations against Moore that are sufficient to state a claim of trademark infringement under 15 U.S.C. § 1114.

 Plaintiff further alleges that Defendant's use of ONE HOUR and ON THE HOUR is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Moore with One Hour, as well as to the origin, sponsorship, or approval of Moore's services by One Hour.  These allegations state a claim under 15 U.S.C. § 1125(a)(1)(A).

 Both of these claims turn on the determination of whether Moore's use of ONE HOUR and ON THE HOUR is likely to cause confusion, mistake or deception.  *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 258-59 (5th Cir. 1980).   A "likelihood of confusion" means that confusion is not just possible, but probable.  *Scott Fetzer Co. v. House of Vacuums, Inc.*, 381

F.3d 477, 483 (5th Cir. 2004).  In determining whether a likelihood of confusion exists, the Fifth

Circuit has set out the following nonexhaustive list of factors: (1) the type of mark allegedly

infringed, (2) the similarity between the two marks, (3) the similarity of the products or services,

(4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used,

(6) the defendant's intent, and (7) any evidence of actual confusion.  *Westchester Media v. PRL*

*USA Holdings, Inc.,* 214 F.3d 658, 663-64 (5th Cir. 2000).  No single factor is dispositive, and a

finding of a likelihood of confusion does not require a positive finding on a majority of these

"digits of confusion."  *Id.*  The digits "do not apply mechanically to every case," and the Court is

to "consider the application of each digit in light of the specific circumstances of the case."  *Scott*

*Fetzer*, 381 F.3d at 485.  The court is also free to consider other relevant factors in determining

whether a likelihood of confusion exists.  *Id.*  "[E]valuation of the marks themselves is an

important consideration, for it is in their similarity that the root of most confusion lies. . . .

[D]etermining similarity of design requires that the court look at the competing marks in their

entirety and not merely at individual similar features."  *Marathon Mfg. Co. v. Enerlite Prod.*

*Corp.* 767 F.2d 214, 219 (5th Cir. 1985) (citations omitted).

<u>The Digits of Confusion:</u>

Moore has offered very little evidence in support of his Motion for Summary Judgment

relevant to the digits of confusion analysis.  The only relevant evidence is the advertisements

themselves, Defendant's Exhibits "A" and "E."  There is no evidence of Moore's intent in using

ONE HOUR or any confusion caused thereby.  Therefore, the Court will perform what analysis it

can using the evidence provided.

1.      The type of mark allegedly infringed

Service marks fall into four categories.  A **strong mark** is usually fictitious,
arbitrary or fanciful and is generally inherently distinctive.  It is afforded the
widest ambit of protection.  A **descriptive mark** tells something about the
product; it is protected only when secondary meaning is shown.  In contrast to the
above is the **suggestive mark**, which subtly connotes something about the service
or product.  Although less distinctive than a fictitious, arbitrary or fanciful mark
and therefore a comparatively weak mark, a suggestive mark will be protected
without proof of secondary meaning. Lastly, there are **generic terms**, which
communicate "information about the nature or class of an article or service," and
therefore can never become a service or trademark.

*Sun Banks of Fla., Inc. v. Sun Fed. Sav. and Loan Assoc.*, 651 F.2d 311, 315 (5th Cir. 1981)

(emphasis added, citations omitted).  In the Court's opinion, the ONE HOUR marks are

suggestive.  They suggest something about the service One Hour provides - that it will be

performed timely.  The marks are not fanciful or arbitrary, such as "Kodak" for film or "Dutch

Boy" for paint.  *See Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178 (5th Cir. 1980) and *Nat'l Lead

Co. v. Wolfe*, 223 F.2d 195 (9th Cir.), *cert. denied*, 350 U.S. 883 (1955).  But neither are the

marks simply descriptive or generic terms.  As suggestive marks, the ONE HOUR marks should

be protected without proof of secondary meaning.

2.       The similarity between the two marks

        "Similarity of appearance is determined on the basis of the total effect of the designation,

rather than on a comparison of individual features."  *Sun Banks of Fla.*, 651 F. 2d at 317-18

(citations omitted).  "The use of a mark in advertising is highly probative of whether the mark

creates a likelihood of confusion in relation to another mark."  *Elvis Presley Enter., Inc. v.

Capece,* 141 F.3d 188, 197 (5th Cir. 1998).  "In the case of a service mark, advertising is of even

greater relevance because the mark cannot be actually affixed to the service, as a trademark is to

the goods.  Many prospective purchasers first encounter the mark in advertising, rather than on the product; therefore, the service mark cannot be isolated from the advertising in which it appears." *Id.*  In this case, it appears that consumers encounter the parties' marks only in the parties' respective advertisements.  Thus, the advertisements are the most relevant consideration for this digit of confusion.

As noted earlier, the Court has not been provided with an example of the ON THE HOUR mark or advertisement used by Moore.  Thus, no determination of ON THE HOUR's similarity to One Hour's registered marks can be made.

In comparing Moore's ONE HOUR COOLING AND HEATING to One Hour's registered marks, the Court does not find the marks to be particularly similar.  The overall appearance of the advertisements provided to the Court are very different, even though both include the words "One Hour."  Thus, at this stage of the proceedings, when comparing the total effect of the designation rather than the individual features, the Court finds that this digit of confusion weighs against a likelihood of confusion.

3.      The similarity of the products or services, purchasers and advertising media

"The greater the similarity between products and services, the greater the likelihood of confusion."  *Elvis Presley*, 141 F.3d at 202 (quoting *Exxon Corp. v. Tex. Motor Exch. of Houston, Inc.*, 628 F.2d 500, 505 (5th Cir. 1980)).  The services advertised by both parties appear to be nearly identical, except that Moore advertises installation in addition to heating and cooling service, while the One Hour franchisee does not.  Furthermore, the universe of potential customers appears to be the same, as it appears that both One Hour and Moore advertise in the same medium.  However, in order to reach these conclusions, the Court would be required to

make assumptions about the products, services, purchasers and advertising media based on the advertisements themselves and the movant's unsupported allegations. The Court finds the evidence of similarity of products, services, purchasers and advertising media to be inconclusive, not weighing for or against a finding of confusion.

CONCLUSION

Viewed in the light most favorable to One Hour, the evidence provided does not compel the conclusion that the parties' marks are not confusingly similar. In the Court's opinion, the only conclusion that can properly be drawn at this point in the proceedings is that Moore has failed to meet his initial summary judgment burden of demonstrating the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Breen v. Texas A&M Univ.*, 485 F.3d 325, 329 (5th Cir. 2007). Therefore, summary judgment will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss or in the Alternative for Summary Judgment [5] filed by the Defendant, Karl T. Moore, is **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 16th day of October 2007.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge